IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CHRISTINA L.,[1] | : | Case No. 3:20-cv-00505 |
| Plaintiff, | : : | District Judge Michael J. Newman |
| vs. | : : | Magistrate Judge Caroline H. Gentry |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : : : | |
| Defendant. | : : | |

# REPORT AND RECOMMENDATIONS[2]

## I. INTRODUCTION

Plaintiff filed an application for Disability Insurance Benefits in March 2018 and for Supplemental Security Income in July 2018. Plaintiff's claims were denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the

---

[1] See S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] See 28 U.S.C. § 636(b)(1). The notice at the end of this opinion informs the parties of their ability to file objections to this Report and Recommendations within the specified time period.

Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 7), the Commissioner's Memorandum in Opposition (Doc. 8), and the administrative record (Doc. 6). Plaintiff did not file a Reply.

## II. BACKGROUND

Plaintiff asserts that she has been under a disability since March 9, 2017. At that time, she was thirty-eight years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. §§ 404.1563(c), 416.963(c).[3] Plaintiff has "a high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 6-2, PageID 68-82), Plaintiff's Statement of Errors (Doc. 7), and the Commissioner's Memorandum in Opposition (Doc. 8). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

---

[3] The remaining citations will identify only the pertinent Disability Insurance Benefits Regulations, as they are similar in all relevant respects to the corresponding Supplemental Security Income Regulations.

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651

3

(6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

IV.  **THE ALJ'S DECISION**

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

> Step 1: Plaintiff has not engaged in substantial gainful activity since March 9, 2017, the alleged onset date.
>
> Step 2: She has the severe impairments of degenerative disc disease, history of migraine headaches, asthma, depression, post-traumatic stress disorder, and anxiety.
>
> Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> Step 4: Her residual functional capacity (RFC), or the most she can do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of sedentary work as defined in 20 C.F.R. § 404.1567(a), subject to the following limitations: "No more than occasional crouching, crawling, kneeling, stooping, or climbing of ramps and stairs. No climbing of ladders, ropes, and scaffolds. No work around hazards such as unprotected heights or dangerous machinery. No driving of automotive equipment. No concentrated exposure to temperature extremes or respiratory irritants. No concentrated exposure to loud noise. [Plaintiff] is

> limited to indoor work. [Plaintiff] is limited to performing simple and repetitive tasks, with an [sic] specific vocational preparation level of 1 or 2. No more than occasional and superficial contact, as defined, with supervisors, co-workers, and the general public. No fast-paced production work or jobs which involve strict production quotas. [Plaintiff] is limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next."
>
> She is unable to perform any of her past relevant work.

Step 5:  Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform.

(Doc. 6-2, PageID 70-81.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 81-82.)

## V. ANALYSIS

Plaintiff does not dispute the medical summary set forth in the ALJ's opinion. (Doc. 7, PageID 729.) Instead, she argues that the ALJ erred by finding in his RFC assessment that Plaintiff can perform sedentary work. (*Id.* at PageID 730.) Plaintiff contends she is incapable of performing sedentary work because "she will partake in excessive off-task behavior, require more than two (2) unscheduled absences per month, and will need to leave work early on an unscheduled basis at least two (2) times per month." (*Id.*) Plaintiff also challenges the ALJ's reliance on vocational expert (VE) testimony that was based upon the ALJ's hypothetical that Plaintiff could perform sedentary work. (*Id.*)

These arguments are not persuasive. For the reasons discussed below, the ALJ's conclusions are supported by substantial evidence.

**A. The ALJ's RFC**

A claimant's residual functional capacity (RFC) is "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). The Social Security regulations, rulings, and Sixth Circuit precedent charge the ALJ with the final responsibility for determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the RFC "is reserved to the Commissioner"); 20 C.F.R. § 404.1546(c) ("the administrative law judge . . . is responsible for assessing your [RFC]"); *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an 'assessment of [her] [RFC]'").

The Commissioner determines a claimant's RFC based on relevant evidence in the record, including objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings.[4] *See* 20 C.F.R. § 404.1545(a)(1)-(5). Consistent with applicable regulations, an ALJ may also rely on the testimony of a vocational expert. 20 C.F.R. § 404.1560(b)(2), 404.1566(e). "Substantial evidence may be produced through reliance on the testimony of a VE in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987).

---

[4] Plaintiff's applications were filed after March 27, 2017. Therefore, they are governed by revised regulations that determine how evidence is categorized and evaluated. See 20 C.F.R. §§ 416.920b(c) & 416.920c.

6

Plaintiff contends that the ALJ erred by failing to include additional limitations ("pertaining to off-task behavior, monthly absenteeism, and unscheduled early dismissals") to account for celiac disease and irritable bowel syndrome (IBS). (Doc. 7, PageID 731-32.) Plaintiff states: "It is apparent that [Plaintiff] deals with chronic pain and abdominal cramping on a daily basis as a consequence of her severe physical and medically determinable impairments. . . . [Plaintiff] needs to use the restroom on a daily basis far more times than an average individual due to her celiac disease and [IBS]." (Doc. 7, PageID 732.)

Plaintiff's contention is not well-taken. Her argument is based on speculation, not any objective medical evidence. The record contains no medical opinion that Plaintiff would consistently be off-task, miss work, or need to leave early due to gastrointestinal issues. Additionally, the ALJ provided a detailed summary of Plaintiff's medical records and treatment history, which Plaintiff does not dispute. (Doc. 6-2, PageID 71-79; Doc. 7, PageID 729.)

Plaintiff identifies several exhibits that contain diagnoses of celiac disease and IBS and challenges "the ALJ's interpretation" of the medical evidence. (Doc. 7, PageID 729, 732.) Yet as indicated above, the substantial evidence standard precludes this Court from weighing the evidence and deciding whether the preponderance of the evidence supports a different conclusion. *Biestek*, 139 S. Ct. at 1154 (2019). This Court is limited to determining whether the ALJ's findings are supported by substantial evidence. Further, "[t]he mere diagnosis of [an impairment], of course, says nothing about the severity of

the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (citing *Foster v. Bowen*, 853 F.2d 483, 489 (6th Cir. 1988)).

The ALJ found that celiac disease and IBS are not "severe." (Doc. 6-2, PageID 71.) This conclusion is supported by substantial evidence. The ALJ reasoned: "[I]t does not appear that [Plaintiff] suffers from any ongoing work-related functional limitations as a result of either celiac disease or her alleged [IBS]." (Doc. 6-2, PageID 71.) He acknowledged September 2016 hospitalization records, as well as treatment notes dated between January 2017 and March 2017, that referred to celiac disease, abdominal pain, bowel function changes with constipation and diarrhea, and nausea. (*Id.*) The ALJ's conclusion that the record shows no ongoing functional limitations after that time is consistent with subsequent treatment notes, which document the historical diagnoses but show no significant or consistent complaints or findings related to celiac disease or IBS. (*See, e.g.*, Doc. 6-7, PageID 475, 477, 482-83, 598, 710.) Additionally, the ALJ did not completely disregard these conditions: he explained that he accounted for any limitations associated with celiac disease and IBS by limiting Plaintiff to indoor work, because such work would involve close proximity to a restroom. (Doc. 6-2, PageID 71.) The ALJ's conclusions in this regard are supported by substantial evidence.

Similarly, the ALJ's analysis of Plaintiff's migraine headaches is supported by substantial evidence. Plaintiff contends that she suffers from "frequent nonintractable migraine headaches, which . . . contribute to being off-task or needing to leave work early." (Doc. 7, PageID 734.) Yet the record contains no medical opinion that Plaintiff would be off-task or miss work due to her headaches. Additionally, the ALJ provided a

8

detailed summary of Plaintiff's medical records and treatment history, which Plaintiff does not dispute. (Doc. 6-2, PageID 71-79; Doc. 7, PageID 729.)

The ALJ acknowledged Plaintiff's testimony that she has "daily headaches, and migraines occur four days each week, requiring her to sit in a dark, cold, and quiet room. Migraines can last up to five days. She wears sunglasses any time she leaves the house or watches a television show with flashing lights. She received Botox injections from Dr. Svetic every three months, which prevented her from having to go to the hospital, for a total of 34 injections, but currently needs to see a new neurologist to resume the treatments." (Doc. 6-2, PageID 77.) The ALJ also acknowledged Plaintiff's reports of daily activities—reports of both what Plaintiff said she can do and the difficulties she reported. (*Id.* at PageID 76.)

The ALJ then summarized Plaintiff's treatment for migraines. He acknowledged Dr. O'Connell's diagnoses of a chronic or persistent nonintractable migraine without aura. (*Id.* at PageID 76.) The ALJ cited to records from Dr. Svetic, which documented "multiple Botox injections to alleviate [Plaintiff's] symptoms." (*Id.* at PageID 76.) Indeed, while Dr. Svetic's records documented some continued headaches with Botox, Plaintiff generally experienced improvement with treatment. (*See,* for example, Doc. 6-7, PageID 420, 424, 427, 434, 620, 624, 627, 642-43, 650, 653, 658.) The ALJ concluded that the balance of the objective evidence did not support Plaintiff's allegations of symptom severity. (Doc. 6-2, PageID 78.) Nevertheless, the ALJ explained that he accounted for Plaintiff's migraines by including limitations in the RFC regarding indoor work, noise exposure, exposure to temperature extremes, climbing, exposure to hazards,

9

and driving. (Doc. 6-2, PageID 74-77.) These conclusions are supported by substantial evidence.

Accordingly, substantial evidence supports the ALJ's RFC, and the ALJ did not err by failing to include additional limitations for off-task behavior, absenteeism, and leaving work early.

### B. VE Testimony

The vocational expert (VE) initially testified that a hypothetical individual of Plaintiff's age, education, and work experience—and with the ALJ's RFC for a reduced range of light work—would be unable to perform Plaintiff's past relevant work but could perform other jobs in the national economy. (Doc. 6-2, PageID 109-10.). In response to additional hypothetical questions, the VE testified that "off-task behavior at a rate of twenty percent of the time" would "be work preclusive." (Doc. 6-2, PageID 111.) Asked about absenteeism, the VE testified that a rate of two absences per month would also preclude competitive work. (*Id.*) The VE further testified that leaving early "on an unscheduled basis two times monthly" would be work-preclusive. (*Id.*)

Plaintiff argues that the ALJ erred by finding that Plaintiff does not require any of the work-preclusive limitations that the ALJ included in the additional VE hypotheticals. (Doc. 7, PageID 731.) Plaintiff contends that because these limitations "precluded all competitive work in the national economy," the ALJ erred by "fail[ing] to fully consider essential [VE] testimony that accurately portrayed [Plaintiff's] physical impairments." (*Id.*) Plaintiff's assertion is not well-taken.

Plaintiff correctly summarized the VE's testimony that the limitations for off-task behavior, absenteeism, and leaving early would be work-preclusive. However, the fact that the ALJ asked the VE about a hypothetical person with particular limitations does not mean the VE's answer is binding on the ALJ. Simply posing a hypothetical question to the VE does not result in a finding about a claimant's RFC or bind the ALJ where the medical record does not support the inclusion of such limitations. *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019)). Additionally, "[a]n administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record." *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff's argument, then, presumes that the work-preclusive hypotheticals posed to the VE accurately represent Plaintiff's RFC. Yet as discussed above, no medical source opined that Plaintiff would be off task for twenty percent of the workday, require two absences per month, or need to leave early twice per month. And the ALJ's RFC—which did not include any such restrictions—was supported by substantial evidence. Accordingly, this portion of the VE's testimony was not relevant to the ALJ's decision.

A disability claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512. The burden is on a claimant to furnish medical and other evidence about her impairments and the effects of her impairments on the ability to work. *Id.* Here, Plaintiff has not shown that the ALJ erred

11

by failing to include additional restrictions in the RFC for being off task or absent from work. As discussed above, the ALJ thoroughly evaluated the medical evidence related to Plaintiff's impairments and explained his reasons for including the related functional restrictions in the RFC. (Doc. 6-2, PageID 70-79). Plaintiff has not shown that the evidence before the ALJ required the inclusion of greater limitations than those found by the ALJ. Nor has Plaintiff shown that the ALJ erred when he failed to rely on VE testimony that did not accurately reflect Plaintiff's functional limitations. Plaintiff has not met her burden of proving that the ALJ's decision is unsupported by substantial evidence.

## VI.     CONCLUSION

In sum, substantial evidence supports the ALJ's RFC and his decision to exclude limitations for off-task behavior in excess of twenty percent, absences in excess of two per month, and needing to leave work early on an unscheduled basis. The ALJ also did not err when he relied on the VE's testimony in response to the hypothetical question that corresponded with the RFC. Plaintiff's assertions to the contrary are without merit and should be overruled.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Statement of Errors (Doc. 7) be OVERRULED;
2. The Court AFFIRM the Commissioner's non-disability determination; and
3. The case be terminated on the Court's docket.

                                                 */s/ Caroline H. Gentry*
                                                 Caroline H. Gentry
                                                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).